UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MATTHEW SUAREZ,

      Plaintiff,

  - against -

AMERICAN STEVEDORING, INC.,

      Defendant.
----------------------------------------X

FOR ELECTRONIC
PUBLICATION ONLY

**MEMORANDUM & ORDER**

06-CV-6721 (KAM) (RER)

MATSUMOTO, United States District Judge:

      Pending before the court is defendant American Stevedoring, Inc.'s ("defendant" or "ASI") motion *in limine*. By Memorandum and Order dated November 10, 2009, familiarity with which is presumed, the court granted in part and denied in part defendant's motion for summary judgment. *See Suarez v. American Stevedoring, Inc.*, No. 06-CV-6721, 2009 U.S. Dist. LEXIS 105910 (E.D.N.Y. Nov. 10, 2009). The court granted summary judgment dismissing all of plaintiff's claims except his claims for hostile work environment and retaliatory hostile work environment.

      Defendant now moves *in limine* to preclude plaintiff from introducing certain evidence at trial. The parties have resolved some of their disagreements, however, several evidentiary disputes remain outstanding.[1] For the reasons set

---

[1] It appears that the parties have failed to confer in good faith regarding their evidentiary disputes before the instant motion

forth herein, defendant's motion *in limine* is granted in part and denied in part.

## **DISCUSSION**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *National Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Allen v. City of New York*, 466 F. Supp. 2d 545, 547 (S.D.N.Y. 2006) (citation omitted); *see* Fed. R. Evid. 104 ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . .") Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics,*

---

was filed. This is evidenced by the fact that plaintiff has no objection to two purported evidentiary disputes raised and briefed by defendant. Counsel are reminded that they shall confer in good faith before seeking the court's intervention. Failure to do so in the future will result in sanctions. The following issues are resolved: (i) plaintiff's testimony regarding Equan Womble's decision for leaving ASI; (ii) Clint Catucci's testimony regarding ASI's standing with the Waterfront Commission; and (iii) evidence suggesting the influence of organized crime in the stevedoring industry.

*Inc. v. Novatek Med., Inc.*, No. 94-CV-5520, 1998 U.S. Dist. LEXIS 15093, at *11 (S.D.N.Y. Sept. 25, 1998). Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See National Union*, 937 F. Supp. at 287. Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected.]" *Luce*, 469 U.S. at 41.

Rule 402 of the Federal Rules of Evidence requires that evidence be relevant to be admissible. Fed. R. Evid. 402. Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Thus, the court's determination of what constitutes "relevant evidence" is guided by the nature of the claims and defenses presented.

### A. Alleged Sexual Contact

Defendant moves to preclude plaintiff from offering any evidence regarding "vulgar, male-on-male horseplay" allegedly engaged in by defendant's employees. (Doc. No. 44, Def. Mem. at 6-7.) In particular, defendant seeks to preclude reference to an incident reported by plaintiff's then co-worker, Equan Womble, regarding an incident where defendant's tractor

3

foreman, Salvatore (Sal) Buzzetta, touched plaintiff's rear end. (*See id*.) Defendant argues that Mr. Womble's statement based on his observation is not relevant because plaintiff's hostile work environment claims are not founded upon plaintiff's sex or gender. (*Id*.) Defendant further argues that this evidence is "highly prejudicial" to defendant because it "will offend the moral sensibilities of the average juror." (*Id*. at 7.) Defendant points out that plaintiff testified during his deposition that Mr. Buzzetta never touched his rear end or genitalia. (Doc. No. 44, Def. Reply Mem. at 1.)

Notwithstanding his deposition testimony, plaintiff argues that the evidence is relevant because it reveals how plaintiff was perceived by his alleged harasser due to this race. (Doc. No. 43, Pl. Opp. at 1.) Plaintiff also contends that it is evidence of retaliation following plaintiff's "complaints of harassment in opposition to such conduct." (*Id*.)

The court concludes that evidence of Mr. Buzzetta's alleged physical contact with plaintiff may be offered at trial. The court finds that this evidence is relevant insofar as plaintiff asserts that unwanted physical contact by Buzzetta occurred in retaliation for his alleged complaint of harassment against Buzzetta. Thus, to the extent that evidence of unwanted physical contact post-dates plaintiff's testimony before the Waterfront Commission or other protected activities, such

4

evidence is admissible.  The court does not find that potential prejudice outweighs the probative nature of this evidence. Moreover, any prejudice is balanced by the jury's ability to consider plaintiff's contradictory prior testimony denying that Buzzetta touched him inappropriately.  Accordingly, defendant's motion is denied in this respect.

**B. Testimony Regarding Racial Slurs in the Workplace**

Defendant also moves to preclude the anticipated testimony of Clint Catucci, ASI's Assistant Terminal Manager and Facilities Security Officer at ASI's Brooklyn terminal, regarding racial slurs uttered at the workplace.  Defendant asserts that Mr. Catucci testified that he had heard such slurs, but that he had not heard any slurs since 2002, the year before plaintiff commenced his employment with ASI in 2003 and, thus, Catucci's testimony on this point is not relevant to plaintiff's hostile work environment claims.  (Def. Mem. at 7-8.)  Defendant further argues that Mr. Catucci's testimony regarding overheard racial slurs is "unreliable hearsay" from unidentified sources. (*See* Def. Reply Mem. at 4.)  Defendant also argues that Mr. Catucci's testimony regarding racial slurs is not probative of plaintiff's hostile work environment claims because the slurs were uttered in a "joking manner" and that introduction of the testimony will be "highly prejudicial."  (Def. Mem. at 8.)

Plaintiff argues that Mr. Catucci's testimony regarding racial slurs prior to his employment at ASI is relevant to demonstrate a hostile work environment. (Pl. Mem. at 1-2.) Specifically, plaintiff argues that Mr. Catucci's testimony will "prove the pattern and practice of Defendant in allowing such racial slurs. Such evidence is also admissible to show how long Defendant has allowed such racial harassment and is relevant to an assessment of punitive damages." (*Id.*)

As previously noted, evidence must be relevant to be admissible. *See* Fed. R. Evid. 402. Because plaintiff did not commence employment with ASI until January 2003, evidence concerning alleged racial hostility at ASI before January 2003 is not relevant to plaintiff's hostile work environment claims and thus, such evidence lacks sufficient probative value. Plaintiff cannot recover damages, if any, for conduct pre-dating his employment. *See Legrand v. New York Rest. School/Education Mgmt. Corp.*, No. 02-CV- 2249, 2004 U.S. Dist. LEXIS 12893, at *25 n.1 (S.D.N.Y. July 12, 2004) (declining to consider for summary judgment purposes evidence of alleged racial hostility that occurred prior to the commencement of the plaintiff's employment with the defendant) (citation omitted). Moreover, the court finds that any minimal probative value of the evidence concerning alleged racial hostility that occurred before plaintiff's commencement of employment at ASI is substantially

outweighed by the danger of confusing liability and damages issues at trial and misleading the jury. *See* Fed. R. Evid. 403. Plaintiff, however, may present admissible evidence of alleged racial hostility that existed at ASI during the period of his employment.

**C. Evidence Regarding Other Lawsuits**

Defendant seeks to preclude any reference to the existence of other lawsuits against ASI for alleged discrimination, hostile work environment and retaliation. (Def. Mem. at 10.) Defendant contends that plaintiff's testimony regarding the existence of other similar lawsuits "has little or no probative value with respect to Plaintiff's claims herein, and is highly prejudicial to Defendants [sic]." (*Id.*) Moreover, defendant contends that plaintiff lacks personal knowledge about the substance of the other claimants' allegations, plaintiff's testimony regarding the same is hearsay, and that plaintiff failed to list such evidence in his pre-trial disclosure or discovery. (*Id.* at 11.)

Plaintiff contends that evidence of other similar lawsuits is "perfectly acceptable for cross examination purposes and to show that Defendant knew of such allegations of discrimination and still allowed the harassment to continue." (*See* Pl. Mem. at 2.) Plaintiff further contends that such evidence also demonstrates that defendant's alleged inaction in

7

the face of discrimination claims proves that defendant's conduct was egregious. (*See id.*)  Plaintiff has failed to offer any information regarding the timing, nature and allegations of the allegedly similar lawsuits that he seeks to introduce.

Because the court has no information regarding the other lawsuits, it is unable to determine whether admission of evidence concerning the other claims is appropriate.  The court is concerned that the introduction of evidence concerning the fact of other pending lawsuits may serve to confuse, distract and prejudice the jury, and divert the jury's attention from the acts and omissions in this case and cause unwarranted consideration of the merits of other cases.  *See, e.g.*, Fed. R. Evid. 404(b).  The court, however, is mindful that evidence concerning other lawsuits may be probative, *inter alia*, of defendant's notice of racial hostility in the workplace (*see id.*), and to demonstrate that other employees were subjected to racial hostility, which is relevant to show a hostile work environment.  *See Caronia v. Hustedt Chevrolet*, No. 05-CV-3526, 2009 U.S. Dist. LEXIS 120971, at *10 (E.D.N.Y. Dec. 29, 2009) ("[b]ecause the crucial inquiry focuses on the nature of the workplace environment as a whole, a plaintiff who [him]self experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support [his] claim.") (quoting *Cruz v. Coach Stores, Inc.*, 202

F.3d 560, 570 (2d Cir. 2000)). Due to the limitations of the parties' briefing on this issue, the court grants defendant's motion without prejudice to revisit upon a more detailed showing by plaintiff.

**D. *Faragher/Ellerth* Affirmative Defense**

Defendant seeks to "adduce evidence that would support the Farragher [sic]/Ellerth defense to retaliation."[2] (Def. Mem. at 13.) Plaintiff does not dispute that such evidence is relevant to plaintiff's remaining federal and state hostile work environment claims. Instead, plaintiff contends that the *Faragher/Ellerth* defense does not apply to plaintiff's retaliation claims and claims under New York City Human Rights Law, Administrative Code § 8-107 ("NYCHRL"). (Pl. Mem. at 4.)

Because plaintiff does not dispute that evidence relevant to the *Faragher/Ellerth* defense may be offered at least with respect to plaintiff's federal and state hostile work environment claims, the court need not address whether such

---

[2] As discussed in the court's November 10, 2009 Order, "the doctrine commonly referred to as the *Faragher/Ellerth* affirmative defense provides that, in the absence of a tangible adverse employment action, a defendant employer may be liable for a hostile work environment unless it successfully establishes as an affirmative defense that (a) it exercised reasonable care to prevent and correct promptly any [discriminatorily] harassing behavior, and (b) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Suarez*, 2009 U.S. Dist. LEXIS 105910, at *55 (citations and internal quotation marks omitted).

9

evidence should be precluded for other purposes. Instead, this issue should be addressed in the context of the parties' proposed jury instructions. To that end, if the parties are unable to resolve this issue after conferring in good faith, they shall submit additional briefing on whether the *Faragher/Ellerth* defense applies to federal and state retaliation claims and to claims under the NYCHRL. The parties shall additionally submit proposed jury instructions consistent with their positions, with citations to relevant legal authority. The parties shall simultaneously submit further briefing within three business days of the date of this Order, and any response shall be submitted two business days thereafter.

## CONCLUSION

For the foregoing reasons, defendant's motion *in limine* is granted in part and denied in part. The parties are strongly encouraged to work cooperatively and in good faith to resolve any outstanding disputes.

SO ORDERED.

Dated: Brooklyn, New York
      March 4, 2010

                                       /s/
                              KIYO A. MATSUMOTO
                              United States District Judge
                              Eastern District of New York